UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22145-ELFENBEIN

SONIA RODRIGUEZ

      Plaintiff

v.

GRANT CARDONE and
CARDONE CAPITAL, LLC.

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Grant Cardone and Cardone Capital, LLC's ("Defendants") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), ECF No. [21]. Plaintiff has filed a Response in opposition to the Motion, ECF No. [34], and Defendants thereafter filed their Reply in support of the Motion, ECF No. [38]. The Parties in this matter have consented to the undersigned Magistrate Judge's jurisdiction for all purposes, including dispositive motions and trial. *See* ECF No. [53]. For the reasons explained below, the Motion, **ECF No. [21]**, is **GRANTED**.

## I. INTRODUCTION

In her Amended Complaint,[1] Plaintiff Sonia Rodriguez ("Plaintiff"), proceeding *pro se*, asserts a single claim for relief (labeled "Account I") against both Defendants under Title VII of

---

[1] Plaintiff filed her original Complaint on May 9, 2025, *see* ECF No. [1], which Defendants moved to dismiss, *see* ECF No. [11]. The Court granted Plaintiff leave to amend and, in doing so, denied as moot Defendant's Motion to Dismiss the original Complaint. *See* ECF No. [14]. After Plaintiff failed to timely file her Amended Complaint by the Court's July 8, 2025 deadline, the Court issued an Order to Show Cause. *See* ECF Nos. [17] and [19]. Plaintiff thereafter filed her Amended Complaint on July 17, 2025. *See* ECF No. [20].

the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967 ("ADEA").  *See* ECF No. [20] at ¶26.  Specifically, Plaintiff alleges that Defendants subjected her to discrimination based on her age, sex, race, color, religion, and national origin by failing to hire her.  *See* ECF No. [20] at ¶¶9–22, 26–28.

In the Motion, Defendants argue Plaintiff's Amended Complaint should be dismissed on two grounds: first, Plaintiff failed to state a plausible claim for relief because the Amended Complaint contains only conclusory allegations of discrimination unsupported by any factual detail; and second, Plaintiff failed to exhaust her administrative remedies before the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to filing suit under both Title VII and the ADEA.  *See* ECF No. [21] at 5–8.  As to the first point, Defendants state that the Amended Complaint simply contains generalized statements and legal conclusions without any factual allegations that describe the job for which Plaintiff applied, the qualifications of any individual hired in her place, or any other statements or conduct on the part of Defendants from which a discriminatory animus can be inferred.  *See* ECF No. [20] at 5.  As to the latter point, Defendants explain that, although Plaintiff attached an exhibit to the Amended Complaint titled "Inquiry Information," it does not demonstrate that she ever filed a formal charge with the EEOC or received a right to sue letter, noting that the exhibit instead gives her a deadline to submit a formal charge of discrimination against Defendants.  *See* ECF No. [21] at 7.  Having failed to exhaust her administrative remedies, Defendants argue that dismissal of the Amended Complaint is warranted.  *See* ECF No. [21] at 7-8.

Plaintiff initially failed to file any response to the Motion.  *See* ECF No. [29].  The Court thereafter entered an Order, requiring that she respond to the Motion and warning her that failure to respond may result in granting the Motion by default.  *See* ECF No. [29].  Plaintiff indeed

availed herself of the opportunity to file her Response in which she argued that the Amended Complaint contains a request to cross-examine Defendant Grant Cardone ("Cardone") in his individual and corporate capacity to show Defendants engaged in illegal labor practices. *See* ECF No. [34] at 1. Plaintiff did not otherwise elaborate on how her Amended Complaint states a claim for relief. *See generally* ECF No. [34]. Regarding exhaustion of administrative remedies, Plaintiff states that "180 days had already passed" since the filing of the complaint and the "formal accusation of discrimination" with the EEOC, "dated November 04, 2024," and Plaintiff never received a response. *See* ECF No. [34] at 1.

In their Reply, Defendants point out that Plaintiff's Response fails to "identify any factual allegations in her Amended Complaint that plausibly state a claim under Title VII and the ADEA" and that her desire to cross-examine Cardone "is not a substitute for the well-pleaded factual allegations in Plaintiff's Amended Complaint." *See* ECF No. [38] at 2. Turning to the second issue, Defendants respond that the 180-day provision on which Plaintiff relies is inapplicable because Plaintiff never filed a formal charge of discrimination in the first place, and as a result, she never exhausted her administrative remedies. *See* ECF No. [38] at 3-4. The Motion is now ripe for review.

## II.  LEGAL STANDARDS

### A.      Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b), a party may move to dismiss a claim on several bases, including a "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted, quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation and footnote omitted).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration adopted, quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and quotation marks omitted).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." *Id.* (alteration adopted, citation and quotation marks omitted).

"Courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductible therefrom, but need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party." *Campos v. INS*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *see also Ellen S. v. Fla. Bd. of Bar Exam'rs*, 859

F. Supp. 1489, 1492 (S.D. Fla. 1994) (noting that there "are a few exceptions to" the rule requiring courts to accept a complaint's allegations as true, "such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice"). When performing this analysis, the court may consider the complaint itself along with any "documents attached to" it "or incorporated in the complaint by reference." *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).

### B.      Pleading Requirements

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Along with that substance, a pleading must also conform to certain format requirements. *See* Fed. R. Civ. P. 10. Those substance and format requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Iqbal*, 556 U.S. at 678, to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *See Twombly*, 550 U.S. at 570 (alteration adopted, quotation marks omitted).

### C.      Exhaustion of Administrative Remedies

Before filing suit under Title VII, a plaintiff must exhaust his or her administrative remedies. *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). This requires two steps: the plaintiff must file a formal charge of discrimination with the EEOC, and the plaintiff must receive a statutory right-to-sue letter. *Id.* (citing *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 1105 (1983) and 42 U.S.C. § 2000e-5(f)(1)); *see also Green v. Elixir Indus., Inc.*, 152 F. App'x 838, 840 (11th Cir.

2005) (per curiam) ("Before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.") (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)). The purpose of this requirement is to give the EEOC "'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir. 1983)).

In a "deferral state" — that is, a state with its own agency authorized to address employment discrimination — a plaintiff must file a charge within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1). Florida is a deferral state because the Florida Commission on Human Relations has authority to investigate and remedy employment discrimination. *See* Fla. Stat. §§ 760.01–760.11; *see also E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) ("For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act.") (citing 42 U.S.C. § 2000e–5(e)(1)); *Fuller v. Edward B. Stimpson Co.*, 971 F. Supp. 2d 1146, 1162 (S.D. Fla. 2013), *on reconsideration in part* (Dec. 23, 2013), *aff'd sub nom. Fuller v. Edwin B. Stimpson Co. Inc.*, 598 F. App'x 652 (11th Cir. 2015) (explaining that a party seeking to pursue a Title VII claim in Florida must timely file a charge with the EEOC no later than 300 days after the last act of discrimination; otherwise, "the claim is barred."). The same exhaustion framework applies to claims under the ADEA. *See* 29 U.S.C. § 626(d)(1)(B).

A plaintiff must also generally allege in her complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed. R. Civ. P. 9(c)). Where a plaintiff fails to allege exhaustion

of conditions precedent or attach either a filed EEOC charge or a right-to-sue letter, dismissal is warranted. *See Burnett v. Jacksonville Sheriff's Office*, 376 F. App'x 905, 906–07 (11th Cir. 2010) (affirming dismissal of complaint where *pro se* plaintiff did not allege that she exhausted her administrative remedies, that she filed a complaint with the EEOC, or that she received a right-to-sue letter and where she failed to otherwise attach a right-to-sue letter or EEOC charge to her complaint).

## III.    DISCUSSION

Defendants argue Plaintiff's Amended Complaint should be dismissed for two independent reasons: failure to state a plausible claim for relief and failure to exhaust administrative remedies. *See* ECF No. [21] at 5–8.  Because the exhaustion deficiency is apparent from the face of the Amended Complaint and its attached exhibits and because it is a condition precedent that must be satisfied before Plaintiff can pursue her claims in this forum, the Court addresses that ground first and does not reach Defendants' alternative arguments regarding the sufficiency of Plaintiff's factual allegations.

Title VII requires that a plaintiff file a formal charge of discrimination with the EEOC and receive a right-to-sue letter before filing suit in federal court. *See Forehand*, 89 F.3d at 1567. Plaintiff has satisfied neither requirement.  The Amended Complaint contains no allegation that Plaintiff filed a formal charge of discrimination with the EEOC, and it contains no allegation that Plaintiff received a right-to-sue letter. *See generally* ECF No. [20].  Nor does the Amended Complaint contain a general allegation that all conditions precedent to the institution of this lawsuit have been fulfilled, as required by Federal Rule of Civil Procedure 9(c). *See Jackson*, 678 F.2d at 1010.  At best, the Amended Complaint alleges that "180 days have passed since the [EEOC] was informed as stated in the attached document of November 04, 2024," *see* ECF No. [20] at ¶3, but

as explained below, the documents attached to the Amended Complaint do not demonstrate exhaustion.

Indeed, the documents attached to Plaintiff's own filings confirm that she never filed a formal charge.  The sole exhibit attached to the Amended Complaint labeled as Exhibit B — a document titled "Inquiry Information" —reflects that Plaintiff submitted an inquiry, not a charge, to the EEOC on November 1, 2024.  *See* ECF No. [20] at 6–8.  Exhibit B further states that the "approximate deadline" for filing a formal charge with the EEOC was July 17, 2025.  *See* ECF No. [20] at 6–8.  In fact, Exhibit B specifically denies that, as of November 4, 2024, Plaintiff had filed a charge with the EEOC.  *See* ECF No. [20] at 7 ("Claim previously filed as charge with EEOC? No").  There is no indication anywhere in the Amended Complaint or its singular exhibit that Plaintiff ever converted this inquiry into a formal charge or that a right-to-sue letter was ever issued.  *See generally* ECF No. [20].

Giving Plaintiff the benefit of the doubt as a *pro se* litigant, if the Court were to consider Exhibit A attached to the original Complaint and omitted from the Amended Complaint,[2] the analysis fares no better.  Exhibit A to the original Complaint is an email from the EEOC referencing inquiry number 510-2025-01125 — the same inquiry number referenced in Exhibit B attached to the Amended Complaint. *See* ECF No. [1] at 5. That email contains a prominent warning: "ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION." *Id.*  The email further explains that "[a] charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination" and that the statutes enforced by the EEOC "require you to file a charge before you can file a lawsuit." *Id.*

---

[2] The Amended Complaint only contains an Exhibit B.  It is unclear whether Plaintiff intended to reattach Exhibit A from the original Complaint as Exhibit A to the Amended Complaint and inadvertently omitted it from this filing.

In short, the documents Plaintiff attached to her own filings affirmatively demonstrate that what she submitted to the EEOC was an inquiry, not a charge.  *See* ECF No. [1] at 5; ECF No. [20] at 6-8.

In her Response, Plaintiff asserts that "180 days had already passed since the filing of the complaint and a formal accusation of discrimination was filed with the [EEOC]."  *See* ECF No. [34] at 1.  Plaintiff appears to be invoking 42 U.S.C. § 2000e-5(f)(1), which permits a plaintiff to file suit if the EEOC has not acted on a *properly filed charge* within 180 days.  But that provision is inapplicable here because, as Defendants correctly observe, "Plaintiff never filed a charge in the first place." *See* ECF No. [38] at 3.  An inquiry is not a charge.  The EEOC's own communication to Plaintiff made this distinction explicit, and the Inquiry Information sheet attached to the Amended Complaint confirms that what Plaintiff submitted was an initial inquiry with a future deadline to file a formal charge.  *See* ECF No. [1] at 5; ECF No. [20] at 6-8.  Because no charge was ever filed, the 180-day waiting period under § 2000e-5(f)(1) never began to run.  Having failed to allege that she exhausted her administrative remedies and having failed to attach an EEOC charge or a right-to-sue letter, Plaintiff has not satisfied a condition precedent to filing suit, requiring dismissal of her Title VII claims. *See Burnett*, 376 F. App'x at 906-07 (affirming dismissal of a Title VII complaint where the *pro se* plaintiff failed to allege exhaustion of administrative remedies or attach either an EEOC charge or a right-to-sue letter).

The same analysis applies to Plaintiff's ADEA claim. The ADEA imposes the same exhaustion requirement: a plaintiff must file a charge with the EEOC before filing suit.  *See* 29 U.S.C. § 626(d)(1)(B).  In the Amended Complaint, Plaintiff has not alleged that she exhausted her administrative remedies or filed an EEOC charge under the ADEA or otherwise attached an EEOC charge or a right-to-sue letter under the ADEA to her pleading.  *See generally* ECF No.

CASE NO. 25-CV-22145-ELFENBEIN

[20].    Accordingly, her ADEA claim fails for the same reasons — for failing to exhaust her administrative remedies prior to filing suit.

The Court is mindful of its obligation to construe *pro se* pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).  Even under that liberal construction, however, Plaintiff's Amended Complaint does not support a reasonable inference that she has satisfied the administrative prerequisites to filing suit under Title VII or the ADEA.  The failure to exhaust is apparent from the face of the Amended Complaint and the exhibits incorporated into it.  *See* ECF No. [1] at 5; ECF No. [20] at 6-8.  Accordingly, dismissal without prejudice is warranted.

### IV.    CONCLUSION

For the reasons explained above, the Motion, **ECF No. [21]**, is **GRANTED**. Plaintiff's Amended Complaint, **ECF No. [20]**, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The case is **CLOSED**, all deadlines are **TERMINATED**, and all other Motions are **DENIED AS MOOT**.

**DONE AND ORDERED in** Chambers in Miami, Florida on March 10, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All Counsel of Record

Sonia Rodriguez
9521 Fountainbleau Blvd, 434
Miami, FL 33172
305-494-5971
Email: vivirodri2010@gmail.com
PRO SE